UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANDRA RIEDERER,

        Plaintiff,

v.                                         Case No.    15-C-1292

UNITED HEALTHCARE SERVICES, INC.,

        Defendant.

## ORDER DENYING MOTION TO DISMISS

      Plaintiff Sandra Reiderer brought this action on behalf of herself and other similarly situated against her former employer, United Healthcare Services, Inc. Reiderer alleges that she and other United Healthcare employees were denied overtime wages under its illegal pay policy in violation of the Fair Labor Standards Act of 1938 (FLSA) and Wisconsin Wage and Hour Loss. The action was filed on October 30, 2015.

      On December 8, 2015, United Healthcare filed a motion to dismiss and compel individual arbitration of plaintiff's claims. The motion was based on an agreement between United Healthcare and its employees that required claims for unpaid overtime under the FLSA and the Wisconsin wage and hour laws to be resolved through arbitration on an individual basis. On December 17, 2015, Plaintiff filed a motion to stay the proceedings pending the Seventh Circuit's anticipated decision in *Lewis v Epic Sys. Corp.*, 2016 WL 3029464 (7th Cir. May 26, 2016); 15-CV-82-BBC (W.D. Wis. 2015) Appeal docketed, No. 15-2997 (7th Cir. 2015). Plaintiff pointed out that the issue of whether such an agreement was enforceable was before the court in *Lewis* and that the decision in that case

would resolve the issue raised by United Healthcare's motion here. United Healthcare agreed, and Plaintiff's motion was granted.

On May 26, 2016, the Seventh Circuit issued its decision in *Lewis*, holding that an agreement mandating individual arbitration of FLSA claims brought by groups of employees violated the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. and is also unenforceable under the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq. Since the arbitration provision of the agreement in that case is essentially the same as the one United Healthcare seeks to enforce, *Lewis* is controlling here. I therefore conclude that United Healthcare's motion to dismiss must be and the same hereby is denied. The Clerk is directed to set this matter for a telephone scheduling or status conference to be held not less than twenty days from the date of this order.

**SO ORDERED** this 13th day of July, 2016.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court